UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BYRON T. HURST, SR.,

    Plaintiff,

vs.

DEPARTMENT OF VETERANS
AFFAIRS, *et al.*,

    Defendants.

Case No. 3:17-cv-356

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT (DOC. 4) BE DISMISSED WITH PREJUDICE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This *pro se* civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Byron T. Hurst, Sr. ("Hurst"). Hurst filed a motion for leave to proceed *in forma pauperis* ("IFP") on October 10, 2017 (doc. 1), which the Court granted. Doc. 2. The Court, however, held service of the complaint pending a review under § 1915(e)(2). *Id*. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Hurst was employed by the Department of Veterans Affairs ("VA") Dayton Medical Center until October 17, 2014. Doc. 1-2 at PageID 9. Hurst alleges he was subjected to unlawful employment discrimination in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. *Id.* at PageID 8.

Hurst contacted an Equal Employment Opportunity Commission ("EEOC") counselor on May 22, 2015. Doc. 1-4 PageID 15. On October 21, 2015 the VA Office of Resolution Management dismissed his complaint for failure to meet the requirements of 29 C.F.R. §§ 1614.105(a)(1) and 1614.107(a)(2) – *i.e.*, requiring that a complainant initiate contact with an EEOC counselor within 45 days of the alleged discrimination. Doc. 1-4 PageID 15-19. Hurst appealed the decision to the EEOC which, on January 24, 2017 affirmed the dismissal of his complaint. Doc. 1-3 PageID 11-14. Hurst requested reconsideration and, on July 6, 2017, the EEOC again affirmed the dismissal. Doc. 1-5 PageID 20-22. On October 10, 2017, Hurst filed this action in federal court.

## III.

Initially, the undersigned finds that Hurst's claims are time-barred for failure to exhaust administrative remedies. When Congress authorized federal employees to sue the federal government for violation of the civil rights laws, it conditioned such authorization on the "plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (quoting *Brown v. General Serv. Admin.*, 425 U.S. 820, 833 (1976)). One requirements is that the "aggrieved person must initiate contact with [an EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Timely contact with an EEOC counselor is an administrative remedy that a federal employee must invoke before he or she may bring a claim of employment discrimination in federal district court. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). If an employee fails to comply with the 45-day limitation period, the entire complaint must be dismissed. 29 C.F.R. § 1614.107(a)(2).

Hurst contends the alleged employment discrimination took place on October 17, 2014. Doc. 1-2 at PageID 9. Documents attached to Hurst's complaint establish that he failed to contact an EEOC Counselor until May 11, 2015, which is significantly beyond the forty-five day limitation period. Doc. 1-3 at PageID 12.[2] Accordingly, Hurst's claims are time-barred by the failure to exhaust administrative remedies under 29 C.F.R. § 1614.105(a)(1).

**IV.**

Based on the foregoing, the undersigned **RECOMMENDS** that *pro se* Plaintiff's complaint (doc. 4) be **DISMISSED** and that this case be **TERMINATED** on the Court's docket.


Date:   October 13, 2017                               s/ Michael J. Newman

                                                     Michael J. Newman
                                                     United States Magistrate Judge

---

[2] In analyzing a case under 28 U.S.C. §1915, the court may refer to documents attached to the complaint, accepting the contents of such attachments as true information. *Boatner v. Henderson*, No. 99-5068, 1999 U.S. App. LEXIS 29594, *2 (6th Cir. 1999).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).